PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERRENCE MATTHEWS, ) | |
| ) | CASE NO. 4:19CV518 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| MARK WILLIAMS, Warden, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** [Resolving ECF No. 2] |

*Pro se* Petitioner Terrence Matthews, a federal prisoner incarcerated at FCI Elkton in Lisbon, Ohio, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF Nos. 1, 2. The matter is before the Court for initial screening required by 28 U.S.C. § 2243. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Relief will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions through Rule 1(b)).

For the reasons stated herein, the petition is dismissed without prejudice.

### I. Background

Petitioner was convicted of conspiracy to possess with intent to distribute and to distribute controlled substances. E.D. Mich. Case No. 11-cr-20790-1, ECF No. 130. He was initially sentenced to a term of imprisonment of 135 months, but due to a change in the Sentencing Guidelines, his sentence was later reduced to 120 months' imprisonment. E.D. Mich.

(4:19CV518)

Case No. 11-cr-270, ECF No. 184. Petitioner represents that his release is currently scheduled for June 16, 2020, ECF No. 2 at PageID#: 12, although Bureau of Prisons ("BOP") online records indicate that his release is scheduled for June 19, 2022. *See* https://www.bop.gov/inmateloc/ (last visited April 11, 2019).

Petitioner claims that he is entitled to immediate recalculation of good-time credit in light of the First Step Act of 2018, Pub. L. 115-391, signed into law December 21, 2018. He acknowledges that he has not sought administrative remedies, instead insisting, "If he waits on the BOP to recalculated [*sic*] his term . . . he will not receive the good time that Congress intended him to have, as he will already have been released." ECF No. 2 at PageID#: 12.

## II. Analysis

Section 102(b)(1) of the First Step Act amended 18 U.S.C. § 3624(b) and thereby altered the availability of good-time credit for federal inmates. Specifically, it increased the maximum allowable good-time credit from 47 to 54 days per year, and it directed the BOP to calculate good-time credit from the beginning of each year rather than the end. The statute also includes an effective-date provision: "The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases [a] risk and needs assessment system . . . ." First Step Act, Pub. L. 115-391, § 102(b)(2). The Attorney General is directed to complete the risk and needs assessment system "[n]ot later than 210 days after the date of enactment" of the statute; that is, July 19, 2019. *Id.*, § 101(a).

Since the enactment of the First Step Act, federal inmates like Petitioner have brought § 2241 petitions in several district courts without exhausting grievance procedures, arguing that the

(4:19CV518)

statute requires immediate recalculation of their good-time credit. Courts have variously denied their petitions for nonjusticiability for lack of ripeness, failure to exhaust administrative remedies, and because the change in law has not yet taken effect. See Greene v. Underwood, 2019 WL 1531673 (N.D. Tex. Apr. 9, 2019) (nonjusticiable because unripe); Roy v. U.S. Bureau of Prisons, 2019 WL 1441622 (E.D. Wash. Apr. 1, 2019) (same); Banegas v. Wilson, Case No. 4:19-cv-178-A (N.D. Tex. Mar. 26, 2019) (failure to exhaust administrative remedies and lack of merit because change in law has not yet taken effect); Nichols v. Burch, Case No. 4:19-cv-76 (D. Ariz. Mar. 13, 2019) (same); Schmutzler v. Quintana, 2019 WL 727794 (E.D. Ky. Feb. 20, 2019) (same); Shorter v. Dobbs, Case No. 1:19-cv-20094 (S.D. Fla. Jan. 25, 2019) (same).

A federal inmate generally may not seek habeas relief under § 2241 without first exhausting administrative remedies. Luedtke v. Berkebile, 704 F.3d 465, 466 (6th Cir. 2013). As cause for his failure to pursue administrative remedies, Petitioner unilaterally asserts his doubt that his grievance will be resolved prior to his release date.[1] But Petitioner's resistance is conclusory; it details no efforts even to raise the issue with prison authorities, much less file a formal grievance. Dismissal is warranted for that reason.

Perhaps more importantly, the law on which Petitioner hopes to rely simply has not yet taken effect. The First Step Act is explicit about the effective date of the new good-time

---

[1] Petitioner asserts that he is scheduled to be released on June 16, 2020, but BOP online records indicate that his release is slated for June 19, 2022. See https://www.bop.gov/inmateloc/ (last visited April 11, 2019). For purposes of this Order, the Court gives Petitioner the benefit of the apparent contradiction, but if the latter date is accurate, then Petitioner should have no trouble exhausting his administrative remedies in advance of his scheduled release date.

3

(4:19CV518)

provisions. Contrary to Petitioner's suggestion that "this change was to be implemented immediately," ECF No. 2 at PageID#: 12, the good-time provisions take effect "on the date that the Attorney General completes and releases the risk and needs assessment system . . . ." Pub. L. 115-391, § 102(b)(2). As discussed above, that event will likely take place in July 2019. Until that time, the BOP lacks authority to exceed the 47 days of good-time credit allowable by effective law. 18 U.S.C. § 3624(b)(1).

Because Petitioner has failed to exhaust administrative remedies and because he relies on law that is not in effect, his petition for writ of habeas corpus is dismissed without prejudice.

### III. Conclusion

For the reasons stated herein, the petition is dismissed without prejudice.

IT IS SO ORDERED.

 April 16, 2019   /s/ Benita Y. Pearson  
Date   Benita Y. Pearson  
  United States District Judge